Filed 8/17/21  P. v. Gonzalez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALDO ALEJANDRO GONZALEZ,<br><br>    Defendant and Appellant. | D078276<br><br><br><br>(Super. Ct. No. SCD190887) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2008, a jury convicted Aldo Alejandro Gonzalez of first degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury also found true an allegation that Gonzalez personally discharged a firearm causing death or great bodily

---

1    All further statutory references are to the Penal Code.

injury (§ 12022.53, subd. (d)).  Gonzalez was sentenced to an indeterminate term of 50 years to life for the murder and the firearm enhancement.

Gonzalez appealed and this court affirmed the judgment in an unpublished opinion filed November 17, 2009.  (*People v. Gonzalez* (Nov. 17, 2009, D052827) [nonpub. opn.].)

In 2019, Gonzalez filed a form petition for resentencing under section 1170.95 contending he was convicted of murder on a felony murder theory or a natural and probable consequences theory.  The trial court appointed counsel and received briefing.  The court considered the record of conviction, including this court's prior opinion.  The court found the record demonstrated Gonzalez was the actual shooter and thus did not state a prima facie case for relief under section 1170.95.  The court denied the petition.

Gonzalez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Gonzalez the opportunity to file his own brief on appeal.  After multiple requests for extensions of time, Gonzales failed to file a supplemental brief.

## STATEMENT OF FACTS

The facts of the offense are fully set forth in our prior opinion.  We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

2

has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Did Gonzalez state a valid prima facie case for relief under section 1170.95?

2. Do any of the numerous cases under section 1170.95 that are currently on review before the California Supreme Court provide a basis for relief for Gonzalez?

3. Is section 1170.95 unconstitutional?

4. Was there sufficient evidence that Gonzalez was the shooter?

5. Was there any substantial evidence that Gonzalez was convicted under a theory of aiding and abetting or the natural and probable consequences doctrine?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Gonzalez on this appeal.

DISPOSITION

The order denying Gonzalez's petition for resentencing under section 1170.95 is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


GUERRERO, J.